UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARKSPUR COMMUNITIES II, LLC, | No. 2:19-cv-00901-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| DARNELL LAMONT CARD, | |
| Defendant. | |

On May 20, 2019, defendant Darnell Lamont Card, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Defendant also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Sacramento County Superior Court and DENIES as moot defendants' motion to proceed in forma pauperis.

When a "civil action . . . of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when

1

the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot be based "on an actual or anticipated defense" or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal district court may remand a case sua sponte where a removing defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant's notice of removal asserts the court has federal question jurisdiction under § 1331 because defendant "is a bona fide tenant under the 'Protecting Tenants at Foreclosure Act'" ("PTFA"), 12 U.S.C. § 5220, and the PTFA "preempted State Law as to bona fide Residential tenants of foreclosed Landlords . . . ." ECF No. 1 at 2 (citations omitted). Numerous other courts have rejected defendant's arguments for removal, as does this court. *See, e.g.*, *U.S. Bank NA v. Sung Min Koo*, No. SACV171539AGJCGX, 2017 WL 4081890, at *1−2 (C.D. Cal. Sept. 14, 2017) (explaining artful pleading doctrine does not provide federal question jurisdiction where removing defendant asserts PTFA preemption argument); *1254 Citrus, LLC v. Anyalebechi*, No. CV-19-03355 GWRAOX, 2019 WL 1976437, at *2 (C.D. Cal. May 2, 2019) ("The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions."). Plaintiff's complaint asserts only an unlawful detainer claim, which is a matter of state law. *See* ECF No. 1 at 10−12 (complaint). This court lacks federal question jurisdiction.

The court sua sponte finds that it lacks subject matter jurisdiction and REMANDS this case to Sacramento County Superior Court. Defendant's motion for in forma pauperis status is DENIED as MOOT.

IT IS SO ORDERED.

DATED: May 24, 2019.

_____
UNITED STATES DISTRICT JUDGE

2